**Garvin PARK, Administrator, Appellant,**

**v.**

**Simon HOMINICK, removed Administrator, Appellee.**

**No. 956.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 19, 1974.

Rehearing Denied April 24, 1975.

**534**

H. William Schneider, El Campo, for appellant.

James A. Bouligny, Duckett, Bouligny & Collins, El Campo, for appellee.

### OPINION

PER CURIAM.

Appellant Garvin Park, Administrator, is appealing from the "Order Approving Final Payments" in the Estate of Jennie Pospishill Hominick, Deceased. The order was entered by the Judge of the county court of Wharton County on September 25, 1974. Notice of appeal was filed by appellant on September 25. The attorney for appellant tendered the transcript to the Clerk of this Court for filing on November 25, 1974. Our Clerk did not file the transcript because it did not contain the notice of appeal, the bill of costs, the Clerk's Certificate or appeal bond. On November 27, 1974, the appellant filed a Motion to file supplemental transcript on the grounds that the county clerk had erroneously and inadvertently omitted the listed items (except the appeal bond) from the original transcript and requested that they be permitted to be filed in a supplemental transcript. The Clerk of the Court of Civil Appeals advises this Court that the appellant, the

administrator of the estate, did not file an appeal bond with the clerk of the trial court. He argues that he as administrator does not need to file an appeal bond relying on Section 29 of the Probate Code, V. A.T.S.

The question facing this Court is whether the appellant, as administrator of the estate acting in his fiduciary capacity, is required as a jurisdictional requisite to file an appeal bond in order to properly perfect his appeal from a statutory court exercising probate jurisdiction directly to the Court of Civil Appeals.

Effective November 6, 1973, Article 5, § 8 of the Texas Constitution was amended, Vernon's Ann.St. It now provides, among other things, that the legislature may adopt rules governing appeals in probate matters to the Courts of Civil Appeals. Effective the same date, Section 5 of the Texas Probate Code was amended to read in part as follows:

"* * * In those counties where there is a statutory probate court, county court at law, or other statutory court exercising the jurisdictions of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in such courts, and the constitutional county court, rather than in the district courts, unless otherwise provided by the legislature, and the judges of such courts may hear any of such matters sitting for the judge of any such courts. *In such counties all final orders in such matters shall be appealable to the courts of (civil) appeals.* . . Amended by Acts 1973, 63rd Leg., p. 1684, ch. 610, § 1."

The present appeal was taken directly from the probate court to the Court of Civil Appeals in compliance with this new section of the Probate Court.

Before Section 5 of the Probate Code was amended, an appeal from the probate court to the district court resulted in a

trial de novo, although it was tried on the same issues as were presented in the trial court. Now, however, the appeal of the probate matter to the Court of Civil Appeals is strictly in the form of an appellate review of the probate court's judgment, and there is no trial de novo. Rules 352–369a, Texas Rules of Civil Procedure, prescribe the basic procedures necessary to perfect an ordinary appeal to the Court of Civil Appeals. Specifically Rule 354 provides for the filing of a cost bond to be approved by the Clerk, the purpose being to insure that the appellant shall prosecute the appeal with effect and pay all costs which have accrued in the trial court and the cost of the statement of facts and transcript. Rule 355 governs the situation where the party is unable to give a cost bond. Rule 363, T.R.C.P., provides that an appeal is perfected to the Court of Civil Appeals *when the notice of appeal is given* and the bond or affidavit in lieu thereof has been filed. (Emphasis supplied.) Rule 356, T.R.C.P., states that "whenever a bond for costs on appeal is required, the bond shall be filed with the Clerk within thirty days after rendition of judgment or order overruling motion for new trial." These rules form the framework for the vast majority of appeals taken to the Courts of Civil Appeals.

In the past, the statutory provisions which have controlled appeals taken from the probate court to the district court were Section 29 of the Probate Code and Article 2276, Vernon's Ann.Civ.St. Section 29 of the Probate Code reads as follows:

"When an appeal is taken by an executor, administrator, or guardian, *no bond shall be required,* unless such appeal personally concerns him, in which case he must give the bond."

Article 2276, V.A.C.S., reads as follows:

"Neither the State of Texas, nor any county in the State of Texas, nor the Railroad Commission of Texas, nor the head of any department of the State of Texas, prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case.

*Executors, administrators and guardians appointed by the courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity."*

When the Legislature amended Section 5 of the Probate Code, it enacted no special rules for filing a bond when an appeal from the probate court to the Court of Civil Appeals was taken. Although the great majority of cases appealed to this Court are governed by Rules 352–369a, requiring a bond to be filed by an appellant in order to give this Court jurisdiction of the cause, we believe that Section 29 of the Probate Code when read with Article 2276, V.A.C.S. exempting an appeal bond, carves out an exception in the instant case when the administrator (or executor or guardian) of an estate, acting in his fiduciary capacity, takes an appeal from the probate court directly to the Court of Civil Appeals.

■■■ We hold that the fiduciary's notice of appeal perfects his appeal and that no appeal bond is necessary. See Douglas v. Douglas, 167 S.W.2d 774 (Tex.Civ.App. —Eastland 1942, no writ). Since the appellant in the case at hand gave timely notice of appeal and has followed the other prescribed procedural steps, the cause shall be docketed without requiring an appeal bond by the appellant.

The appellant's motion to file a supplemental transcript is granted.

### SUPPLEMENTAL OPINION

BISSETT, Justice.

This is an appeal from an order of the probate court of Wharton County, Texas, that directed the successor administrator to pay claims for certain expenses incurred by a former administrator and for attorney's fees for legal services furnished the

former administrator. Garvin Park, the successor administrator of the Estate of Jennie Pospishill Hominick, Deceased, was ordered by the county court of Wharton County, sitting in probate, to pay $1,461.22 to Simon Hominick, the former administrator of the estate, as reimbursement for expenses of the estate which were paid by him out of his own funds while he was administrator of the estate, and to pay $100.00 to James A. Bouligny as attorney's fees for legal services rendered the estate. Garvin Park, hereinafter referred to as "Park", has perfected an appeal to this Court from that order.

The record on appeal consists of a transcript only. It does not contain an order that removed Simon Hominick, hereinafter referred to as "Hominick", as administrator of the estate. Park, however, states in his brief that Hominick was removed as administrator on March 7, 1973, and in the order of removal was required to file a final account of his administration to be approved by the probate court prior to the release of any obligations under his bond. The statement has not been challenged by Hominick. Park the successor administrator, was appointed sometime prior to March 22, 1974. The exact date of his appointment is not shown by the transcript. The administration of the estate had not been closed at the time notice of appeal in this case was given.

Hominick filed his final account on July 5, 1973, wherein he listed certain unpaid claims due and owing by the estate. Included therein was a claim in his behalf in the amount of $1,146.18 for statutory commissions on receipts and disbursements due him as administrator of the estate, and a claim of Bouligny in the amount of $4,818.00 for attorney's fees in connection with the furnishing of certain enumerated legal services to the estate. The accounting, as filed, did not contain a claim for reimbursement for expenses paid by Hominick out of his own funds in connection with the administration of the estate during his tenure as administrator, nor did it contain a claim for attorney's fees for preparing the final account.

On April 10, 1974, Bouligny filed a claim for $100.00 as attorney's fees for legal services furnished the estate in connection with the "preparation of final accounting, supplemental accounting, and order of the court". On April 15, 1974, Hominick filed a claim for $1,461.22 for "actual expenses as shown by the exhibits filed with the supplemental accounting for the years 1969, 1970, 1971 and 1972".

The final account was amended by Hominick on April 15, 1974, when he filed a supplemental final account. The amendment restated the administrator's commissions due Hominick to be $788.14 (instead of $1,146.18), and the attorney's fees due Bouligny to be $4,283.90 (instead of $4,818.00). In addition to the aforesaid claims for administrator's commissions and attorney's fees, Hominick claimed that he was entitled to $1,461.22 for "out of pocket expenses" paid out of his own funds in connection with the performance of his duties as administrator, and that Bouligny was entitled to an additional $100.00 as attorney's fees for preparing the final and supplemental accounts.

An order entitled "Order Approving Final Account and Discharging Administrator" was rendered by the court on May 21, 1974. The court, in the order, observed that a final accounting had been filed in July, 1973, and that a supplemental accounting was filed on April 15, 1974. The court ordered $788.14 to be paid to Hominick as administrator's fees, and $4,283.00 to be paid to Bouligny as attorney's fees. The order did not disallow Hominick's claim for expenses or Bouligny's claim for additional attorney's fees. Hominick was discharged as administrator and his bondsmen were released from all liability on the bond. No one perfected an appeal from that order.

Hominick, by a written pleading filed on September 23, 1974, requested that his application for "reimbursable expenses" be

set for hearing. Park, in his capacity as administrator, filed written objections to any such hearing on the ground that "the entire accounting of the prior administrator has been approved and he has been discharged and, therefore, there is no necessity for the hearing". The court conducted a hearing on the matters urged by Hominick on September 25, 1974, and on the same day signed an order which allowed the claims, and ordered Park, as administrator, to pay them. That order, signed on September 25, 1974, is the order which has been appealed to this Court.

Park, in two points of error, contends that the court did not have jurisdiction to order the former administrator's expenses and additional attorney's fees to be paid, since the May 21, 1974 order became final before the September 25, 1974 order was made. He argues that the September 25, 1974 order is a nullity because the May 21, 1974 order "purported to settle all claims under the final account of the removed administrator". We do not agree.

■ Expenses necessarily and reasonably incurred by an administrator in connection with the preserving, safekeeping, managing and distributing the estate of a decedent are valid charges against the estate. That rule is well settled, and citation of authorities is not necessary. Included in legitimate expenses of administration, are monies paid by the administrator out of his own funds for the benefit of the estate, provided such expenditures are proper in their nature and reasonable in amount. An administrator should be reimbursed if he has paid debts or expenses of the estate with his own money.

■ While both the final account and the supplemental account (which constituted an amended final account) were before the probate court when the order of May 21, 1974 was signed, it is clear that the court, with respect to this appeal, ordered that payment of administrator's *fees* ($788.14) and attorney's *fees* ($4,283.00) as set out in the amended final account, be made by the duly authorized representative of the estate, and nothing more. The order did not purport to settle *all* claims against the estate in existence at that time. No mention was made therein of the claim by Hominick for *expenses* or of the claim of Bouligny for $100.00 as *additional* attorney's fees. The approval of the final accounting of Hominick, his discharge as administrator, and the release of his bondsmen from all liability on Hominick's bond, did not alter, impair or affect any proper, legitimate and reasonable claims against the estate which were left unpaid on that date. The disputed claims, which were filed after Hominick was removed as administrator but before he and his bondsmen were relieved from liability on the administrator's bond were still pending and had not been acted upon by the court when the May 21, 1974 order was signed. No contention is made that the $1,461.62, expended by Hominick out of personal funds, was not expended for the benefit of the estate or those ultimately entitled to the estate properties upon distribution of the assets belonging to the estate. The additional attorney's fees and "expenses" are not challenged because of fraud, impropriety, unreasonableness or for any other reason.

The May 21, 1974 order did not close the administration on the estate. It was a final order only in the following particulars: 1) the final accounting detailed by Hominick in his final account, as amended by the supplemental account, was approved; 2) his administrator's fees ($788.14) were ordered paid; 3) attorney's fees ($4,283.00) were ordered paid; 4) Hominick was ordered to deliver all assets of the estate to Park; 5) Hominick (although having been theretofore removed as administrator) was discharged as administrator; and 6) Hominick's sureties were released from all liability on the administrator's bond.

The claims for administrator's expenses and for additional attorney's fees were not disposed of by the May 21, 1974 order, and that order was not a final order with respect to those claims. The court had juris-

diction to order payment of the claims. Nothing has been presented that warrants a reversal in this case. We have considered all of the points of error which have been brought forward by Park, and they are all overruled.

Affirmed.