664 S.W.2d 414 (1983)
In the Matter of A.M., a Child.
No. 13-83-369-CV.
Court of Appeals of Texas, Corpus Christi.
December 8, 1983.
Thomas M. Schumacher, Corpus Christi, for appellant.
Richard D. Hatch, County Atty., Sinton, for appellee.
Before NYE, C.J., and UTTER, BISSETT, YOUNG, KENNEDY and GONZALEZ, JJ., En Banc.

OPINION
UTTER, Justice.
This is an appeal from a Judgment signed on July 12, 1983, in which the appellant, a juvenile, was committed to the Texas Youth Council.
On August 11, 1983, Thomas Schumacher filed an Affidavit of Inability to Give Cost Bond with the District Clerk of San Patricio County. Schumacher stated in the Affidavit of Inability to Give Cost Bond that he was appointed by the Court to represent appellant because appellant was too poor to afford an attorney and that he had been advised by appellant that the juvenile wanted to appeal his commitment. Schumacher further stated that he had represented the appellant on different occasions and that, on each occasion, he had been paid for his services by San Patricio County. Based on this, Schumacher stated his belief that appellant would be unable to pay all or any part of the costs of appeal or give security therefore. In addition, Schumacher stated that the juvenile was "placed in custody before he was able to sign an affidavit relating to his inability to give a cost bond." The State of Texas, represented by the County Attorney of San Patricio County, has filed a "Motion to Abate Appeal" and a "Motion for Dismissal for Lack of Jurisdiction." Appellee's motions assert that the State did not receive notice of the filing of appellant's Affidavit of Inability to File Cost Bond as required by Tex.R.Civ.P. 355(b) and that the time has now passed in which to perfect an appeal from the July 12, 1983, judgment.
The TEX.FAM.CODE ANN. § 56.01(b) (Vernon 1975) provides that appeals from a juvenile court "are as in civil cases, generally." The Texas Supreme Court has *415 previously considered the procedural requirements of appeals in juvenile matters and has held that as far as practicable they are to be governed by the rules relating to civil procedure and are civil in nature. Brenan v. Court of Civil Appeals, Fourteenth District, 444 S.W.2d 290 (Tex.1968). The Texas Rules of Civil Procedure do not exempt parents, next friends, or minors from the requirement of giving an appeal bond, or a pauper's affidavit in lieu thereof, in addition to the notice of appeal. Brenan at 292. Therefore, no appeal may be perfected by a minor without complying with Tex. R.Civ.P. 354, 355.
However, where a guardian ad litem appeals for a minor in his fiduciary capacity, he is not required to give an appeal bond. TEX.REV.CIV.STAT.ANN. art. 2276 (Vernon 1971) provides:
"Executors, administrators and guardians appointed by the Courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity."
See also Park v. Hominick, 522 S.W.2d 533 (Tex.Civ.App. - Corpus Christi 1974, no writ); Sheehan v. Southern Pacific Co., 422 S.W.2d 948 (Tex.Civ.App. - Houston [1st Dist.] 1967, writ ref'd n.r.e.).
The trial court appointed Thomas Schumacher to represent the child as his attorney and Guardian Ad Litem (emphasis added). It appears from the record that Thomas Schumacher continually represented appellant and, in fact, signed and filed appellant's affidavit of inability to pay costs. We hold that Thomas Schumacher was representing appellant in his fiduciary capacity as Guardian Ad Litem and, therefore, is exempt from the requirement of filing an appeal bond.
There remains the question of whether appellant complied with the notice requirements of Tex.R.Civ.P. 356(c). Rule 356(c) provides:
"When a bond for costs on appeal is not required by law, the appellant shall in lieu of a bond file a written notice of appeal with the clerk or judge which shall be filed within the time otherwise required for filing the bond. Oral notice or a recital in the judgment of notice does not comply with this rule. Such notice shall be sufficient if it states the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or some designated portion thereof. Copy of the notice shall be mailed by counsel for appellant in the same manner as the mailing of copies of the appeal bond."
We hold that the affidavit of inability to file cost bond meets the requirements of notice of appeal and suffices to perfect appeal in this case. See R.M., a minor v. State, 563 S.W.2d 853 (Tex.Civ.App. - Austin 1978, no writ).
Appellee's motion to dismiss the appeal is denied. Appellant has requested an extension of time to file his brief and it is granted. Appellant will have until December 30, 1983, to file its brief. Appellee's brief will be due on or before twenty (20) days after appellant files his brief.