**In the Matter of A.S.**

**No. 13–87–095–CV.**

Court of Appeals of Texas,
Corpus Christi.

April 23, 1987.

Armando L. Reyna, Corpus Christi, for appellant.

James D. Rosenkild, Corpus Christi, for appellee.

OPINION

PER CURIAM.

This is an appeal from an order of a juvenile court waiving its exclusive jurisdiction and transferring the cause to the district court. The judge signed the order on December 1, 1986, no motion for new trial was filed, and therefore, the last day to timely perfect the appeal was December 30, 1986, and the last day for timely filing the record was January 30, 1987. Tex.R. App.P. 41(a)(1) and 54(a). Appellant has failed to timely perfect the appeal or to timely file the record.

On March 4, 1987, this Court received the transcript in the above appeal. Pursuant to Tex.R.App.P. 56(a) and 60, this Court sent a certified letter to appellant's attorney informing him that defects existed in the transcript. Appellant was given notice that the appeal was subject to dismissal, since it appeared that no bond, cash deposit or affidavit in lieu of bond had been filed. Tex.R.App.P. 40(a)(1). We stated in our notice that although the appellant had timely filed a notice of appeal, he had not shown that he was exempt by law from posting security for costs. Tex.R.App.P. 40(a)(2). In addition to this defect, the Court noted that the transcript was not timely filed as required by Tex.R.App.P. 54(a). Appellant was given notice that the case would be dismissed, unless the transcript was amended to show the jurisdiction of this Court, or a motion or response showing grounds for continuing the appeal was filed. In response to our letter, appellant has tendered to this Court an *untimely* filed motion for extension of time to file the transcript, statement of facts and brief, and an *untimely* pauper's oath, which was not filed with the court clerk below, and was not signed by the appellant.

This Court is of the opinion that appellant has not properly perfected the appeal, and therefore, the appeal should be dismissed for want of jurisdiction. Pursuant to Tex.Fam.Code 56.01(b) and (d), notice of appeal shall be given to the juvenile court *as in civil cases generally*, and the requirements governing an appeal are to be *as in civil cases generally*. Although appellant's trial attorney timely filed a notice of appeal, this action was insufficient to perfect the appeal, unless appellant was exempt by law from giving security for costs. See Tex.R.App.P. 40(a)(1) and 40(a)(2). Appellant does not argue that he is exempt from posting costs, nor does appellant claim that his trial attorney who gave notice of appeal, was doing so in a fiduciary capacity as a guardian ad litem. *See In the Matter of R.R.*, 664 S.W.2d 418 (Tex.App.—Corpus Christi 1983, no writ);

*In the Matter of A.M.*, 664 S.W.2d 414 (Tex.App.—Corpus Christi 1983, no writ).

The Court, having considered appellant's failure to perfect the appeal, and appellant's failure to timely file the transcript, is of the opinion that the appeal should be dismissed for want of jurisdiction. The appeal is hereby DISMISSED FOR WANT OF JURISDICTION.