S.D.G. v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-088-CV

 

IN THE MATTER OF S.D.G.

 

From the County Court at Law No. 2
Brazos County, Texas
Trial Court # 54-J-93CC
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On May 13, 1993, the County Court at Law No. 2 of Brazos County waived jurisdiction over
S.D.G., a juvenile, and transferred him to the District Court of Brazos County to answer a charge
of murder. See Tex. Fam. Code Ann. § 54.02(a) (Vernon Supp. 1993). On May 28 a Notice
of Appeal was filed with the County Clerk. See id. § 56.01(c)(1)(A) (Vernon Supp. 1993).
      The Family Code states that the requirements in appeals from orders of a juvenile court are
as in civil cases generally. See id. § 56.01(b) (Vernon 1986). Thus, to perfect an appeal S.D.G.
was required to file a bond, cash deposit, or affidavit in lieu of bond within thirty days after May
13—not later than June 12. See L.L.S. v. State, 569 S.W.2d 495, 496 (Tex. 1978); Tex. R. App.
P. 40, 41(a)(1), 46. Thereafter, the bond or affidavit and any motion to extend the time for filing
the bond or affidavit was due within fifteen days after June 12—not later than June 27. See id.
41(a)(2). The record does not reflect that an appeal bond or affidavit in lieu of an appeal bond has
been filed; no motion for an extension of time was filed in this court by June 27. 
      On July 7, S.D.G. filed in this court a motion asking that we deem the appeal perfected by
virtue of the filing of the notice of appeal on May 28 and that we extend the time for filing an
affidavit in lieu of cost bond until July 7, the date on which S.D.G. signed and swore to an
affidavit before a notary.
      The cases are unanimous in holding that an appeal may not be perfected by a juvenile, who
is not exempt from giving security for costs, without the filing of a cost bond or affidavit in lieu
of a cost bond. Brenan v. Court of Civil Appeals, Fourteenth Dist., 444 S.W.2d 290, 292 (Tex.
1968) (orig. proceeding); In the Matter of T.D.S., 810 S.W.2d 906, 907 (Tex. App.—San Antonio
1991, no writ); Matter of A.S., 730 S.W.2d 139, 139 (Tex. App.—Corpus Christi 1987, no writ);
P.A.P. v. State, 739 S.W.2d 476, 476-77 (Tex. App.—San Antonio 1987, no writ); In the Matter
of A.M., 664 S.W.2d 414, 414-15 (Tex. App.—Corpus Christi 1983, no writ); In the Matter of
R.H., 664 S.W.2d 415, 416 (Tex. App.—Corpus Christi 1983, no writ); In the Matter of R.R.,
664 S.W.2d 418, 419 (Tex. App.—Corpus Christi 1983, no writ). Other cases have applied
various appellate rules to juvenile cases. E.T.J. v. State, 766 S.W.2d 871, 872 (Tex.
App.—Dallas 1989, no writ) (affirming a judgment waiving juvenile court's jurisdiction in absence
of a statement of facts); Wheeler v. Baum, 764 S.W.2d 565, 566 (Tex. App.—Houston [1st Dist.]
1988, orig. proceeding) (denying writ of mandamus to compel the trial judge to withdraw an order
sustaining contest of affidavit of inability to pay costs and to order court reporter to prepare a free
statement of facts because notice of filing of affidavit not given as required by Rule 40(a)(3)(B)
of the appellate rules); E.T.J. v. State, 753 S.W.2d 487, 487 (Tex. App.—Dallas 1988, no writ)
(denying motion to extend time to file statement of facts because motion filed more than fifteen
days after due date); In re V.G., 746 S.W.2d 500, 502 (Tex. App.—Houston [1st Dist.] 1988, no
writ) (dismissing appeal because notice of filing of affidavit in lieu of cost bond not timely given).
      Unless an appeal is properly perfected, an appellate court has no jurisdiction. Matter of A.S.,
730 S.W.2d at 139. We are without authority to confer jurisdiction when none exists. We are
mindful, however, that the wording of section 56.01(f) can mislead one into believing that a notice
of appeal alone perfects the appeal in cases covered by that section. See Tex. Fam. Code Ann.
§ 56.01(f) (Vernon Supp. 1993). However, the legislature amended section 56.01 in 1991 and did
not alter either subsection (b) applying the rules in civil cases generally to such appeals or the
wording of that part of the present subsection (f)—formerly included in subsection (g)—relating
to the giving of a "notice of appeal." Id. § 56.01(b), (f); Act of June 16, 1991, 72nd Leg., R.S.,
ch. 680, 1991 Tex. Gen. Laws 2466.
      Accordingly, the appeal is dismissed for want of jurisdiction.

                                                                                 PER CURIAM

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Dismissed
Opinion delivered and filed September 1, 1993
Publish