R.M. v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-316-CV

Â Â Â Â Â R.M.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee 

From County Court at Law No. 2
Brazos County, Texas
Trial Court # 70-J-94cc
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A jury found that R.M. had engaged in delinquent conduct by committing the offense of
murder and sentenced him to commitment in the Texas Youth Commission with a transfer to the
institutional division of the Texas Department of Criminal Justice at age eighteen for a determinant
term of ten years. See Tex. Fam. Code Ann. Â§Â§ 54.03, 54.04 (Vernon 1986 & Supp. 1994). 
He now attempts to appeal from the judgment.
Â Â Â Â Â Â Appeals from juvenile court are governed by the rules applicable to civil appeals generally. 
Id. Â§ 56.01; In re S.D.G., 861 S.W.2d 106 (Tex. App.âWaco 1993, no writ). The court signed
an amended judgment on August 31, 1994. Thus, a cost bond, cash deposit or affidavit in lieu of
bond was due by September 30. See Tex. R. App. P. 41(a)(1). The fifteen day grace period for
filing a motion for extension of time to perfect his appeal expired on October 17. See id. 5(a),
41(a)(2). On October 12, his attorney filed a notice of appeal in the trial court and, on October
18, mailed a motion to this court requesting an extension of time to file the notice of appeal and
further time to file an "oath of indigency in lieu of bond." 
Â Â Â Â Â Â A notice of appeal does not perfect an appeal in a juvenile case. See In re S.D.G., 861
S.W.2d at 106. R.M. was required to file a cost bond or an affidavit in lieu of bond by October
17 at the latest. See id.; Tex. R. App. P. 41(a)(1). Because he failed to timely file either, we do
not have jurisdiction over his appeal. See In re S.D.G., 861 S.W.2d at 107.
Â Â Â Â Â Â R.M.'s motion for extension of time is denied. The appeal is dismissed for want of
jurisdiction. 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Dismissed
Opinion delivered and filed November 9, 1994
Do not publish 



text-align:justify'>The Court received and filed the Appellants
Brief on June 12, 2006.Â  Because the brief does not (1) cite any pertinent
legal authorities to support the third issue or (2) contain an appendix with
the Ânecessary contents,Â it does not comply with subsections (h) and (j) of
Rule of Appellate Procedure 38.1.Â  See Tex.
R. App. P. 38.1(h), (j).Â  If an amended brief that corrects these
defects is not filed within 21 days after the date of this letter, the brief
will be struck, and the appeal will proceed as if no appellantsÂ brief was
filed.Â  See Tex. R. App. P.
9.4(i), 38.8(b), 38.9(a).

Â 

Â Â Â Â Â Â Â Â Â  Thus, there does appear to be a
fundamental shift in what this Court is willing to tolerate as a departure from
the briefing rules.Â  I feel practitioners are entitled to know about such a
fundamental change. 

Â Â Â Â Â Â Â Â Â  When I first arrived at the Court in
1999, I thought we were extraordinarily lax in our enforcement of the briefing
rules.Â  My efforts to require compliance with the briefing rules were rejected
by the other members of the Court.Â  Basically, we have accepted anything that
looked like a brief.Â  When the makeup of the Court changed in 2003/2004, we did
not change what we would accept and continued to file and work from pretty much
anything that looked like a brief; and trust me, we have really had to use our
imagination on some.

Â Â Â Â Â Â Â Â Â  But now we have required rebriefing
because of the following deficiencies:


 The
 brief failed to contain the Identities of Parties and Counsel;
 The
 brief failed to contain the Summary of the Argument;
 The
 brief failed to cite any legal authority to support one of the issues; and
 The
 brief failed to contain the necessary contents in the appendix.


Â 

Â  Whether it actually takes two of
these deficiencies in a single brief before it is rejected remains unclear.Â 
Both of these cases had at least two deficiencies.Â  But what is clear is that
failure to comply with the briefing rules will now result in having your brief
declared noncompliant and rebriefing ordered.

Â Â Â Â  I must note, however, one
oddity of the majorityÂs procedure.Â  They do not actually strike the noncompliant
brief.Â  They declare the brief deficient and state that it will be stricken if
a compliant brief is not filed.Â  The noncompliant brief remains filed if a
compliant brief is filed.Â  It would be much cleaner if we simply did what the
rules specify when a nonconforming document is filed, Âstrike the document and
return all nonconforming copies to the filing party.ÂÂ  Tex. R. App. P. 9.4(i).Â  But I guess the majority does not
choose to strictly comply with that rule Â yet.

Â Â Â Â  Because I have long sought
greater compliance with the briefing rules, I join in this fundamental shift in
what we will accept.Â  My largest regret in this process is that we file the nonconforming
document and a substantial amount of time passes before the parties are
notified that it is not a conforming document.Â  If the nonconforming document
is the appellantÂs brief, the appelleeÂs timetable for filing a response may
expire before they are notified that the brief to which the appellee is
preparing a response has been deemed deficient.

Â Â Â Â  Further, based on the orders,
the nonconforming appellantÂs brief is not stricken and, apparently, will not
be stricken if a compliant brief is filed.Â  What do we and the appellee do with
the originally filed, defective, but not stricken, appellantÂs brief?

Â Â Â Â  The Texas Rules of Appellate
Procedure are a comprehensive set of rules for appellate practitioners.Â  They
are all we need.Â  They should all be applied.Â  While I would go further and
strike the noncompliant briefs and return them to the party that filed them, I
can concur in the determination that the briefs are defective[1]
and order filing rule-conforming briefs.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Concurring
opinion delivered and filed July 11, 2006

Publish









[1]
I do have grave reservations about
requiring rebriefing on an issue that does not contain argument or citations to
the relevant authorities.Â  This has traditionally been used as a procedural default
to presentation of an issue for review, particularly if the opposing party
complains in response to an inadequately briefed issue.Â  See Sweed v.
City of El Paso, No. 08-05-00287-CV, 2006 Tex. App. LEXIS 5083, *5-6 (Tex.
App.ÂEl Paso June 15, 2006, no pet. h.) (not designated for publication); Engelbretson
v. Hyder, No. 10-02-00320-CV, 2005 Tex. App. LEXIS 630, *5 (Tex. App.ÂWaco Jan. 26, 2005, pet. denied) (mem. op.).