In The Matter of M.A.H. 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-259-CV

     IN THE MATTER OF M.A.H.,
                                                                                              Appellant
 
                                        

From the 52nd District Court
Coryell County, Texas
Trial Court # 953
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On May 16, 1994, the court found that M.H. had committed eleven counts of criminal
mischief, indicating a need for supervision, and placed him on probation in the custody of his
mother until his seventeenth birthday. After M.H. was accused of aggravated sexual assault, the
court modified the disposition to commit him to the custody of the Texas Youth Commission until
his twenty-first birthday. M.H. immediately filed a notice of appeal. 
      Appeals from juvenile court are governed by the rules applicable to civil appeals generally. 
Tex. Fam. Code Ann. § 56.01 (Vernon 1986 & Supp. Pamph. 1996); In re S.D.G., 861 S.W.2d
106 (Tex. App.—Waco 1993, no writ). A notice of appeal does not perfect an appeal in a juvenile
case, rather M.H. was required to file a cost bond or an affidavit of inability to pay costs. Tex.
R. App. P. 40(a)(1); In re S.D.G., 861 S.W.2d at 106. Because he failed to file either, we do not
have jurisdiction over his appeal. Id.
      We are required to allow M.H. an opportunity to amend his notice of appeal. Tex. R. App.
P. 83; Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994). However, M.H. has filed
a motion to withdraw his notice of appeal and dismiss this appeal. Tex. R. App. P. 59(a). We
conclude that this motion evidences an intent to abandon the appeal. Thus, we will not wait for
him to perform an act he has no intention of performing. 
      We dismiss this appeal for want of jurisdiction.
 
                                                                               PER CURIAM

Before Justice Cummings, and
            Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed April 10, 1996
Do not publish 



t-size: 12pt">Do not publish