In the Matter of RJ Lamar Dickerson










WITHDRAWN
12/31/02




IN THE
TENTH COURT OF APPEALS
 

No. 10-02-262-CV

IN THE MATTER OF
R.J. LAMAR DICKERSON

 

From the 19th District Court
McLennan County, Texas
Trial Court # 1995-117-J
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      R. J. Lamar Dickerson appeals the juvenile court’s 1995 order waiving its jurisdiction and
transferring him to a district court to be tried as an adult. The juvenile court signed the transfer
order on September 5, 1995. At that time, section 56.01(c)(1)(A) of the Family Code provided
for an interlocutory appeal of such an order. Act of May 23, 1991, 72d Leg., R.S., ch. 680, §
1, 1991 Tex. Gen. Laws 2466, 2466 (amended 1995) (current version at Tex. Code Crim. Proc.
Ann. 44.47 (Vernon Supp. 2003)); see In re S.D.G., 861 S.W.2d 106, 106 (Tex. App.—Waco
1993, no writ). Then (and now) a juvenile appeal was governed by the rules for civil appeals. 
Act of May 25, 1973, 63d Leg., R.S., ch. 544, § 1, sec. 56.01(b), 1973 Tex. Gen. Laws 1460,
1483 (amended 1997) (current version at Tex. Fam. Code. Ann. § 56.01(b) (Vernon 2002));
S.D.G., 861 S.W.2d at 106.
      Under the current appellate rules and the rules in effect at the time the juvenile court signed
the transfer order, an appeal in a civil case must be perfected within thirty days after the order
being appealed is signed if the appealing party does not timely file a post-order motion or request
sufficient to extend this time period to ninety days.


 Tex. R. App. P. 26.1; Tex. R. App. P.
41(a)(1), 707-708 S.W.2d (Tex. Cases) liii (Tex. 1986, amended 1997); S.D.G., 861 S.W.2d at
106. Dickerson filed no timely post-order motion or request in the juvenile court.


 He filed his
notice of appeal seven years after the juvenile court signed the transfer order.
      We notified Dickerson by letter dated November 6, 2002 that this appeal may be dismissed
for want of jurisdiction because of the untimely notice of appeal. See Tex. R. App. P. 42.3(a);
see also Tex. R. App. P. 60(a)(2), 707-708 S.W.2d (Tex. Cases) lxxii (Tex. 1986, amended
1997). He has not responded.
      Because Dickerson’s notice of appeal is untimely, we lack jurisdiction over this appeal. 
S.D.G., 861 S.W.2d at 106-07; Raley v. Lile, 861 S.W.2d 102, 105-06 (Tex. App.—Waco 1993,
writ denied). Accordingly, we dismiss the appeal for want of jurisdiction.
 
                                                                         PER CURIAM
Before Chief Justice Davis, 
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed December 18, 2002
Do not publish
[CV06]