IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-81-00100-CR

 

TOMMY EDWARD SANDERS,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 178th District Court

Harris County, Texas

Trial Court No. 303538

 



ORDER



 








          This Court affirmed Tommy Edward Sanders’s conviction for Robbery
in an unpublished opinion in May 1982.  Because a juvenile court waived
jurisdiction and transferred Sanders to district court for trial as an adult,
Sanders suggests that the 1982 decision affected only the district court case,
and he contends that an appeal of the juvenile court order remains pending. 
Thus, he has tendered a brief accompanied by a motion for leave to file and a
motion to proceed without advance payment of costs.

          Sanders refers to a statement of
counsel that Sanders “gives notice of appeal” made at the conclusion of the
hearing in which the juvenile court waived jurisdiction to show that he
perfected an appeal from this order.  However, there is nothing in the record
to indicate that an appeal of the juvenile court’s order was properly perfected.

          In 1979 when the juvenile court waived
jurisdiction, section 56.01(c)(1) expressly provided for an appeal of such an
order.  See Act of May 25, 1973, 63d Leg., R.S., ch. 544, § 1, sec.
56.01(c)(1), 1973 Tex. Gen. Laws 1460, 1483 (amended 1987) (current version at Tex. Code Crim. Proc. Ann. art. 44.47 (Vernon Supp. 2005)).  To perfect such an appeal, Sanders “was required to file a bond, cash
deposit, or affidavit in lieu of bond within thirty days” after the order
waiving jurisdiction.  See In re S.D.G., 861 S.W.2d 106, 106 (Tex. App.—Waco 1993, no writ) (per curiam).

          Counsel’s verbal notice of appeal
before the juvenile court did not perfect an appeal of the juvenile court’s
order.  See S.D.G., 861 S.W.2d at 106-07 (written notice of appeal
insufficient to perfect appeal).  The docket sheet does not reflect that any
pleadings were filed with the juvenile court after it signed the order waiving
jurisdiction.

          Accordingly, we dismiss Sanders’s
motions for want of jurisdiction.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Motions dismissed

Order issued and filed
April 26, 2006

Do not publish