IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00016-CV

 

In the
Interest of T.R., a Child

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 05-002507-CV-361

 



DISSENTING Opinion










 

A Misrepresentation by
the Court

          The March 29, 2007 letter referenced
in the majority opinion stands in stark contrast to due process.  The letter
erroneously tells the appellant that

Unless Appellant obtained indigent status for
purposes of appeal under Texas Rule of Appellate Procedure 20, the payment of
the filing fee is required.  If the fee is not paid within ten days from the
date of this letter, this cause will be presented to the Court for dismissal of
this appeal in accordance with Tex. R.
App. P. 42.3(c).  Fees may be paid by check or money order, payable to
the “Tenth Court of Appeals”.

 

          This was the law once, for a while. 
But it is now a misrepresentation of what the law is.  The Texas Supreme Court
has told us that the law upon which this letter is based is no longer
jurisdictional.  Higgins v. Randall County Sheriff's Office, 193 S.W.3d
898, 899 (Tex. 2006); In the Interest of B.S., No. 10-06-00248-CV, 2006 Tex. App. LEXIS 9276, *2 (Tex. App.—Waco Oct. 24, 2006, no pet.) (memo. op.) (Gray, C.J.,
dissenting).  It violates the litigant’s due process rights because it
misrepresents that it is too late for the appellate to now establish her
indigence.  It is not.  Id.  She still has the right to seek to proceed
as a pauper.  Id.

          The foster parents, who are seeking to
adopt T.R., have filed a motion to dismiss this appeal.  They have catalogued a
number of shortcomings in appellant’s actions.  I have no problem dismissing an
appeal for failure to proceed according to the rules.  But just as the foster
parents, who want to be adoptive parents, are entitled to have the rules
complied with, so also is the biological mother entitled to our compliance with
the rules.  Because the Court erroneously advised the appellant that her only
option was to now pay the filing fee, she has not been properly notified of her
right to seek pauper status.  Higgins, 193 S.W.3d at 899; In the
Interest of B.S., No. 10-06-00248-CV, 2006 Tex. App. LEXIS 9276, *2 (Tex. App.—Waco Oct. 24, 2006, no pet.) (memo. op.) (Gray, C.J., dissenting).  

          I would not violate this mother’s due
process rights, a mother whose parental rights have been terminated by state
action, just to get an expeditious disposition of this appeal.  The result may
ultimately be the same, but if the Court is going to advise litigants of their
rights, a task in which we should not engage, the litigant must be told of all
their rights relevant to the issues.

          We did not.  We should have.

          Dismissal is premature.  I dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed May 9, 2007






e="font-size: 12pt">      R. J. Lamar Dickerson appeals the juvenile court’s 1995 order waiving its jurisdiction and
transferring him to a district court to be tried as an adult. The juvenile court signed the transfer
order on September 5, 1995. At that time, section 56.01(c)(1)(A) of the Family Code provided
for an interlocutory appeal of such an order. Act of May 23, 1991, 72d Leg., R.S., ch. 680, §
1, 1991 Tex. Gen. Laws 2466, 2466 (amended 1995) (current version at Tex. Code Crim. Proc.
Ann. 44.47 (Vernon Supp. 2003)); see In re S.D.G., 861 S.W.2d 106, 106 (Tex. App.—Waco
1993, no writ). Then (and now) a juvenile appeal was governed by the rules for civil appeals. 
Act of May 25, 1973, 63d Leg., R.S., ch. 544, § 1, sec. 56.01(b), 1973 Tex. Gen. Laws 1460,
1483 (amended 1997) (current version at Tex. Fam. Code. Ann. § 56.01(b) (Vernon 2002));
S.D.G., 861 S.W.2d at 106.
      Under the current appellate rules and the rules in effect at the time the juvenile court signed
the transfer order, an appeal in a civil case must be perfected within thirty days after the order
being appealed is signed if the appealing party does not timely file a post-order motion or request
sufficient to extend this time period to ninety days.


 Tex. R. App. P. 26.1; Tex. R. App. P.
41(a)(1), 707-708 S.W.2d (Tex. Cases) liii (Tex. 1986, amended 1997); S.D.G., 861 S.W.2d at
106. Dickerson filed no timely post-order motion or request in the juvenile court.


 He filed his
notice of appeal seven years after the juvenile court signed the transfer order.
      We notified Dickerson by letter dated November 6, 2002 that this appeal may be dismissed
for want of jurisdiction because of the untimely notice of appeal. See Tex. R. App. P. 42.3(a);
see also Tex. R. App. P. 60(a)(2), 707-708 S.W.2d (Tex. Cases) lxxii (Tex. 1986, amended
1997). He has not responded.
      Because Dickerson’s notice of appeal is untimely, we lack jurisdiction over this appeal. 
S.D.G., 861 S.W.2d at 106-07; Raley v. Lile, 861 S.W.2d 102, 105-06 (Tex. App.—Waco 1993,
writ denied). Accordingly, we dismiss the appeal for want of jurisdiction.
 
                                                                         PER CURIAM
Before Chief Justice Davis, 
      Justice Vance, and
      Justice Gray
Dismissed for want of jurisdiction
Opinion delivered and filed December 31, 2002
Do not publish
[CV06]